UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 7:09-CR-11-ART |
| | ) | No. 7:13-CV-7273-ART-REW |
| v. | ) | |
| | ) | |
| MANUEL CARDOSA, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On March 21, 2013,[1] Movant, Manuel Cardosa, filed a *pro se*[2] 28 U.S.C. § 2255 motion. DE #48 (Motion). The Court conducted an initial review of the motion and perceived it to be time-barred. However, in order to give Cardosa a fair opportunity to respond, the Court ordered briefing on the issue of timeliness. Cardosa responded with a notice and a motion to supplement/amend, DE ##53 (Notice), 54 (Motion), and the United States also responded. DE #55 (Response). The United States argues that the motion is untimely and requests dismissal. *Id.*

Having reviewed the filings under the applicable standards, the Court **RECOMMENDS** that the District Court **DISMISS** the time-barred motion **WITH PREJUDICE** and not issue a

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam). Here, Cardosa affirmed under penalty of perjury that he executed and mailed the Motion on March 21, 2013. DE #48 (Motion) at 13. The Clerk received Cardosa's supplemental filings on May 13, 2013.

[2] *Pro se* petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

Certificate of Appealability.

**I. Statute of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Section 2255 provides, in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

District Judge Thapar entered judgment on October 6, 2009. DE #30 (Judgment). Cardosa appealed to the Sixth Circuit, which denied relief on March 22, 2011. DE #42. Cardosa then had 90 days from that date, or until June 20, 2011, to file a petition for a writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13(1). The motion denies seeking further review, DE #48 (Motion) at 2, and, thus, for AEDPA purposes, the conviction became final, and the statute of limitations began to run, on June 20, 2011. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072 (2003)) ("When a federal criminal defendant takes a direct appeal to the court of appeals,

his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed."). Cardosa then had 365 days in which to file his section 2255 motion. However, Cardosa did not file his motion until March 21, 2013, considerably after the one-year section 2255 filing deadline.

Cardosa responded to the Court's April 10, 2013 Order to provide information regarding timeliness by filing a Notice (DE #53) and a "Motion for Amended and Supplemental Filings Pursuant to Rule 15 of Federal Criminal Rules and Criminal Procedure (F.C.R.P.)." DE #54 (Motion). These were Cardosa's only filings, so the Court treats them as responsive to the timeliness order. Cardosa concedes that the § 2255 motion otherwise is untimely, but argues that new evidence should save the motion. DE #54-1 (Memorandum) at 1-3.

Cardosa's supplemental motion and memorandum confuse the issue of timeliness with the substance of an underlying ineffective assistance (or other) claim.[3] Per Cardosa, evidence that he did not possess at trial, specifically a Bureau of Prisons incident reporting documenting a November 13, 2008 incident between Cardosa and another inmate, "is sufficient to support the cause prong in favor of petitioner Cardosa." DE #54-1 (Memorandum) at 3. Further, throughout the supplemental motion, Cardosa mistakenly describes Hon. Mark Joseph Wettle, CJA counsel appointed by the Sixth Circuit, as filing a section 2255 motion on his behalf. In fact, Mr. Wettle

---

[3] The exact nature of Cardosa's claim(s) is unclear. Although he appears to allege ineffective assistance of appellate counsel, he also attacks the underlying conviction, asserting that the BOP should be responsible for the underlying indicted altercation. DE #54-1 (Memorandum) at 7-9. The original motion states: "The U.S.A.O. [*sic*] and key prosecution witnesses gave false testimony during my trial." DE #48 (Motion) at 10. The overall claim tenor is that documentation of a prior violent confrontation between Defendant and the victim, and the BOP response, would exculpate Defendant by supporting a self-defense theory.

filed Cardosa's direct appeal to the Sixth Circuit.  Movant suggests an alleged failure to research and gather facts in support of Cardosa's defense.  *Id.*  He raises the claim as to Mr. Wettle, appellate counsel, but references a claim more contextually appropriate for criticism against trial counsel, whom the original motion identifies as Hon. Eric E. Ashley.  The merits, suffice it to say, are murky.

Cardosa's original motion alleges that the motion is timely under subsection (f)(4) of § 2255. DE #48 (Motion) at 12.  Subsection (f)'s predicate language imposes a 1-year limitations period on all of the alternative prongs.  Here, Cardosa alleges that he received new evidence on January 4, 2013, that indicates "witnesses and the U.S.A.O. [*sic*] were mistaken/lied during their testimony" at trial.  DE #48 (Motion) at 4, 12.  Per Movant, a Bureau of Prisons incident report demonstrates that he and the victim were supposed to be institutionally separated.  *Id.* at 12; *see also* DE #48-2 (Report of Incident).  Cardosa also states that he did not seek relief earlier because he did not have the evidence. *Id.* at 4.  To be timely, here, then, the motion must thus have been filed within 1 year from the date the facts supporting the claim could have been discovered through the exercise of due diligence.  The motion does not in any way address diligence or the specific circumstances, timing, or chronology of discovery.

Cardosa's supplemental motion does not authenticate the tendered form, although he opines that the form, which documents an earlier event between himself and inmate Marvin Fontenette, provides evidence of a recent altercation between the two men.  Per Cardosa, both men were placed on separation status and should not have been permitted to come into contact. DE #54-1 (Memorandum) at 6.  Movant thus alleges that the institution, USP Big Sandy, should be held solely responsible for the convicted conduct because BOP violated its own policy by permitting the two men to encounter each other.  *Id.* at 9. He further argues that his inability to

4

present to the jury this evidence, which he labels exculpatory, prejudiced him and should excuse the untimely filing. *Id.*

The Court is dubious about the impact of the discovered document. Cardosa got a self-defense instruction, DE #20 (Jury Instructions) at Instruction No. 13, and the first altercation between Cardosa and his victim were front and center at trial. *See* DE #35 (Sent. Tr.) at 8 (discussing incident, tapes of which were played for jury at trial). The jury acquitted Movant on Count 1, but found that he did assault the victim "resulting in serious bodily injury." *See* DE #1 (Indictment). There also was extensive testimony about separatee and keep-away status. *See, e.g.,* DE #39 (Trial Tr.) at 50 (testimony of Brooke Van Sickle, noting that Cardosa lived in the Unit C-1, a transitional and some-what segregated unit); *see id.* at 51-52 (stating that Cardosa and his victim were separatees following the incident); *id.* at 65-66, 71 (testimony of Kathy Williams, discussing keep-away status generally and the "marry up" process, or the process of trying to get inmates back together). The document simply suggests some level of separation after the first incident. This does not mean that status extended to December. Even if it did, the evidence would scarcely dilute proof supporting conviction, since Cardosa literally jumped up and down on the victim's head with all possible force and kicked him in the head even after guards intervened. The BOP's housing management could not begin to justify or mitigate the degree of Cardosa's conduct. He makes no actual innocence tolling argument pursuant to *Schulp v. Delo*, 115 S. Ct. 851 (1995), and any such argument, if allowed for a § 2255 motion, would almost surely be futile.[4]

---

[4] Under *Schulp*, if a petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim." *Schulp*, 115 S. Ct. at 861; *see also*

As with the original motion, the supplemental motion does not address diligence. Cardosa bears that burden here. *Moore v. United States*, 438 Fed. App'x 445, 447 (6th Cir. 2011). At best, Cardosa offers only the outline of a substantive claim on the merits. The key here, though, is Movant's utter failure to justify his failure to present the claim sooner or explain how he diligently sought claim evidence in the interim period.

## II. Equitable Tolling

Equitable tolling also fails to apply. The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling may be permissible in some circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citing *Day v. McDunough*, 547 U.S. 198, 205 (2006)); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

The Sixth Circuit has succinctly stated the contours of the doctrine of equitable tolling:

> "[E]quitable tolling relief should only be granted sparingly." *Souter v. Jones,* 395 F.3d 577, 588 (6th Cir. 2005) (quoting *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002)). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson v. Simpson,* 624 F.3d 781, 784 (6th Cir. 2010). Ordinarily, a petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo,* 418, 125 S. Ct. 1807 (2005)); s*ee also Hall v. Warden,* 662 F.3d 745, 749–50 (6th Cir. 2011) (same).

---

*Connolly v. Howes*, 304 Fed. App'x 412, 416 (6th Cir. 2008). This threshold question does not look at the merits of the underlying habeas claim but simply depends on the credibility of the newly presented evidence. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical accounts – that was not presented at trial." *Schulp*, 115 S. Ct. at 865. In evaluating the new evidence, a court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Id.* at 869.

*Freeman v. Trombley*, 483 Fed. App'x 51, 55 (6th Cir. 2012). The doctrine "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Plummer v. Warren*, 463 Fed. App'x 501, 504 (6th Cir. 2012) (citation and internal quotation marks omitted).

Cardosa does not raise equitable tolling, at least not in a way independent of § 2255(f)(4). The supplemental motion is also silent on the issue. Equitable tolling does not, on this record, apply; Movant simply does not invoke or establish a foundation on which to toll.

**III. Conclusion**

Accordingly, as Cardosa's motion is time-barred, the Court **RECOMMENDS** that the District Judge **DISMISS** the motion **WITH PREJUDICE** and **DENY** a Certificate of Appealability.[5] Further, in light of the Court's recommended disposition, the Court **RECOMMENDS** that the District Judge **DENY AS MOOT** Cardosa's Motion to Amend (DE #54), although the Court considered the filing as part of its decision.

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file

---

[5] No certificate of appealability should issue because the timeliness result is not on this record fairly debatable. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (requiring a petitioner to demonstrate, when a court dismisses on procedural grounds, that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

7

specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

    This the 22d day of July, 2013.

Signed By:
*Robert E. Wier*
United States Magistrate Judge